**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SHERI SPEER,
        Plaintiff,

No. 3:22-cv-00668 (SRU)

        v.

UNITED STATES NATIONAL BANK, et al.,
        Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

Pro se plaintiff Sheri Speer moved for reconsideration of the Court's order, doc. no. 56, dismissing her amended complaint with prejudice. For the reasons that follow, Speer's motion for reconsideration, doc. no. 58, is **denied**.

## I.    BACKGROUND

The Court assumes familiarity with the facts and background of this case, as set forth in my Order dismissing Speer's original complaint. *See* Doc. No. 39. I therefore only recount facts relevant to the instant motion for reconsideration.

Speer originally filed this action in Connecticut Superior Court, and it was removed to this Court on May 16, 2022. *See* Doc. No. 1. After I dismissed Speer's original complaint without prejudice, Speer filed an amended complaint, asserting two claims for breach of contract and violation of CUTPA, along with a motion to remand the case to state court. *See* Docs. No. 40, 41. On May 5, 2023, the defendants moved to dismiss Speer's entire amended complaint. Doc. No. 47. On January 12, 2024, I denied Speer's motion to remand the case because I concluded that diversity jurisdiction existed. Doc. No. 50 ("This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the plaintiff and all defendants are citizens of different states and, as set forth in the defendants' memorandum in opposition, doc. no. 46, the

facts of this case demonstrate that the amount in controversy exceeds $75,000.00."). On January

26, 2024, Speer moved for reconsideration of my order denying her motion to remand. Doc. No.

51. On March 26, 2024, I granted the defendants' motion to dismiss Speer's complaint, denied

her motion for reconsideration, dismissed her complaint with prejudice, and directed the clerk to

close the case. Doc. No. 56. Speer now moves for reconsideration of that order.

## II.      LEGAL STANDARD

Local Rule of Civil Procedure 7(c) permits a party to file a motion for reconsideration

within seven days of the filing of the decision from which the party seeks relief. D. Conn. Local

R. Civ. P. 7(c). The Second Circuit has repeatedly held that "[t]he standard for granting . . . a

motion [for reconsideration] is strict." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir.

1995). A motion for reconsideration "will generally be denied unless the movant can point to

controlling decisions or data that the court overlooked—matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court." *Id.* Courts have granted

motions for reconsideration in limited circumstances, including: (1) where there has been an

"intervening change of controlling law"; (2) where new evidence has become available; or (3)

where there is a "need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways,*

*Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright,

Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 at 790). On the

other hand, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting

the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite

at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)

(cleaned up).

**III.    DISCUSSION**

Speer moves for reconsideration of my Order dismissing her amended complaint, arguing that this Court lacked subject matter jurisdiction over her amended complaint. *See* Doc. No. 58, at 2 ("the Court's own reasoning per *Younger* informs that subject matter jurisdiction is lacking, state law property disputes being the purview of state courts.") (cleaned up). She argues, therefore, that I should have remanded the case to state court, and "the Court entered a void judgment" dismissing her case on the merits. *Id.* That argument fails to meet the standard for reconsideration just described. In fact, it appears that Speer misunderstands the basis of my Order dismissing her amended complaint. I will therefore explain in further detail the basis of the Court's jurisdiction over her amended complaint.

There are two general types of federal subject-matter jurisdiction. The first, federal question jurisdiction, exists when a complaint contains a claim that is based on federal law. *See* 28 U.S.C. § 1331. The second, diversity jurisdiction, exits when the amount in controversy exceeds $75,000.00 and the plaintiff and defendants have complete diversity of citizenship, meaning that all of the defendants live or, in the case of companies, are incorporated and have their principal place of business, in different states than the plaintiff. *See* 28 U.S.C. § 1332. As Speer properly notes, a case may only be removed to federal court if, were the case originally filed in federal court, the district court would have federal subject-matter jurisdiction. *See* 28 U.S.C. § 1441. Speer's original complaint asserted claims for a declaratory judgment, for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, and for violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. §§ 42–110a *et seq*. *See* Notice of Removal, Doc. No. 1. The defendants properly removed the case on the basis of both federal question jurisdiction, because Speer had pled a claim for violation of the

FDCPA, a federal statute, and diversity jurisdiction, because the plaintiff and all defendants were citizens of different states. *See id.*, at ¶¶ 14-15.

Speer's amended complaint, however, no longer pled a claim for violation of the FDCPA, and re-styled her first claim, previously for a declaratory judgment, as a claim for breach of contract, a state tort-law cause of action. *See* Am. Compl., Doc. No. 40. Though her FDCPA claim had been abandoned, this Court retained diversity jurisdiction because the parties still had complete diversity of citizenship and the amount in controversy exceeded $75,000. *See* Doc. No. 50. Therefore, despite no longer pleading a claim arising under federal law, this Court did have subject matter jurisdiction over Speer's amended complaint.

In support of her motion for reconsideration, Speer argues that *Younger v. Harris*, 401 U.S. 37 (1971), deprived this Court of jurisdiction over her amended complaint. *See generally* Doc. No. 58. However, as I explained in my Order dismissing Speer's amended complaint, *Younger* instructs district courts to abstain from exercising jurisdiction over claims for declaratory or injunctive relief, not claims for money damages. *See* Doc. No. 56, at 7. Citing *Younger*, I therefore concluded that I lacked jurisdiction to grant Speer the declaratory relief that she sought as a remedy for her breach of contract claim, but, because Speer also sought monetary damages for her breach of contract claim and only sought monetary damages for her CUTPA claim, I *did* have jurisdiction over those claims. *See* Doc. No. 56, at 5-7. I therefore also had jurisdiction to dismiss them on the merits because the allegations in Speer's amended complaint failed to make out the elements of either a breach of contract claim or a plausible CUTPA claim. *Id.* at 7-12.

Therefore, Speer's motion for reconsideration does not point to any intervening change of law, new evidence, or clear error that warrants reconsideration of my Order dismissing her amended complaint.

## IV.     CONCLUSION

For the reasons described herein, Speer's motion for reconsideration, doc. no. 58, is **denied.**

So ordered.

Dated at Bridgeport, Connecticut, this 13th day of May 2024.


/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge